NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-2098

———————

ANNA M. SMITH,
Appellant

v.

LINCOLN BENEFIT LIFE COMPANY

———————

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-08-cv-01324)
District Judge: Honorable Nora B. Fischer

———————

Argued September 15, 2010

Before: SCIRICA, RENDELL and FISHER, Circuit Judges.

(Filed: September 24, 2010)

———————

Renee A. Metal, Esq.    **[ARGUED]**
Neil R. Rosen, Esq.
Rosen Louik & Perry
437 Grant Street
Suite 200 The Frick Building
Pittsburgh, PA 15219
    *Counsel for Appellant*

Joseph J. Centeno, Esq.
Rudy A. Fabian, Esq.
Obermayer, Rebmann, Maxwell & Hippel
1617 John F. Kennedy Boulevard
Once Penn Center, 19th Floor
Philadelphia, PA 19103

Peter E. Romo, Jr., Esq.    **[ARGUED]**
Seyfarth Shaw
560 Mission Street, Suite 3100
San Francisco, CA 94105
    *Counsel for Appellee*

_____

OPINION OF THE COURT

_____

RENDELL, <u>Circuit Judge</u>.

Anna M. Smith ("Smith") appeals the District Court's grant of Lincoln Benefit Life Company's ("Lincoln") Motion to Dismiss Plaintiff's Complaint. We will affirm.

Because we write exclusively for the benefit of the parties who are familiar with the factual context and procedural history of this case, we recite only the facts relevant to our analysis. Smith's husband obtained life insurance from Lincoln through a policy issued on December 27, 1996. From that date through September 17, 2007, the required monthly payment of $141.96 was automatically deducted from her husband's bank account. On September 17, Smith's husband informed Lincoln that he was changing banks, and the parties agreed that he would pay his premiums on a quarterly basis until he could set up a new monthly automatic deduction.

Mr. Smith subsequently received a notice of payment due dated September 17,

2007, stating that $450.90 was due on September 27, 2007. On October 6, 2007, he received a second notice of payment due, which informed him that the policy had entered its grace period. The letter did not state when the grace period began or ended, but repeated that the payment had been due on September 27, 2007. According to Smith, she and her husband interpreted the notice as saying that the grace period would begin to run as of the date of the second notice, October 6, 2007.

The insurance policy defined "grace period" as 31 days after the premium due date in which to pay premiums while the policy remained in force. The policy also provided that if the premium was not paid by the end of the grace period, the policy would lapse as of the due date of the unpaid premium. If the policy lapsed, the policy holder could ask Lincoln to reinstate it.

Smith's husband died on November 1, 2007. Smith contacted Lincoln and was told not to pay the past due premium because it would be deducted from the death benefit. Smith then received a letter dated October 28, 2007, stating that the grace period had expired and including an application for reinstatement to be returned with $450.90 in order for coverage to continue. On November 6, 2007, Smith received an additional letter from Lincoln dated November 1, 2007, stating that the policy had terminated as of October 28, 2007, due to lack of payment and that therefore no benefits would be paid.

Smith filed suit in the Court of Common Pleas of Allegheny County against Lincoln alleging (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) bad faith in violation of 42 Pa. C.S.A. § 8371; and (4) negligent misrepresentation.

After the case was removed to the Western District of Pennsylvania, the District Court granted Lincoln's Motion to Dismiss, ruling that Smith's negligent misrepresentation claim was barred under Pennsylvania law and holding that amendment of Smith's complaint would be futile. Smith appeals this order.[1]

Smith appeals the District Court's application of the Gist of the Action Doctrine under Pennsylvania law to bar her two negligent misrepresentation claims.[2] She contends that Lincoln misrepresented the due date for the insurance premium in the second written notice of October 6, 2007 ("Notice Claim"), and that Lincoln orally misrepresented on November 1, 2007 that it would pay the life insurance benefit ("Payment Claim"). The District Court rejected these claims, holding that Smith's negligent misrepresentation claims are barred under by the Gist of the Action Doctrine because any representations by Lincoln were done in the context of the contractual relationship and because Smith's claim that Lincoln misrepresented that it would pay the benefits are a restatement of her breach of contract claims.

Pennsylvania's Gist of the Action Doctrine acts to foreclose tort claims: 1) arising solely from the contractual relationship between the parties; 2) when the alleged duties

---

[1] Although the District Court granted Lincoln's Motion to Dismiss on all counts, Smith presently appeals only the court's decision as to the negligent misrepresentation claims.

[2] The District Court had subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and we have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291.

4

breached were grounded in the contract itself; 3) where any liability stems from the contract; and 4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim. *Hart v. Arnold*, 884 A.2d 316, 340 (Pa. Super. Ct. 2005). Where the alleged misrepresentation or fraud concerns the performance of contractual duties, "then the alleged fraud is generally held to be merely collateral to a contract claim for breach of those duties." *eToll, Inc. v. Elias/Salon Adver., Inc.*, 811 A.2d 10, 19 (Pa. Super. Ct. 2002). In essence, the gist of the action test "requires the court to focus on the substance of the dispute, or more colloquially, to ask the question, 'What's the case really about?'" *Pediatrix Screening, Inc. v. Telechem Int'l, Inc.*, 602 F.3d 541, 550 (3d Cir. 2010). The gist of the action doctrine precludes plaintiffs from "recasting ordinary breach of contract claims into tort claims" and maintains the "conceptual distinction between breach of contract claims and tort claims." *Id.* at 548.

Applying the gist doctrine here with respect to the Notice Claim, it is evident that the parties' relationship and duties were framed by the insurance policy. Lincoln's alleged misrepresentations and subsequent failure to pay death benefits arose from the insurance contract between the parties and revolved around the provisions for payment, grace period, and lapse. Indeed, this case is "really about" the policy provisions of the contract, and the claims and liability cannot be determined without looking to the terms of the contract. *Pediatrix*, 602 F.3d at 550. The alleged misrepresentations were directly related to the underlying contractual rights and obligations, and the District Court

5

correctly concluded that the gist of the action sounded in contract and barred Smith's notice claim.

Smith urges that the Gist of the Action Doctrine should not govern the misrepresentations set forth in written correspondence separate from the policy. However, even assuming we were to credit this argument, she could not succeed. The record confirms that neither of the written notices included any false statement. In fact, both notices expressly stated that the due date for the premium was September 27, 2007, and the second notice provided that the policy had already entered the grace period as of October 6, 2007. Both of these statements are accurate. Accordingly, Smith's negligent misrepresentation claims would fail even if permitted by the gist doctrine.

With respect to the Payment Claim, although the Gist of the Action Doctrine does not appear to apply based on an oral statement, rather than contractual terms, Smith nonetheless failed to state a claim for tortious negligent misrepresentation. The common law tort of negligent misrepresentation includes the following elements:

> 1) a misrepresentation of a material fact; 2) made under circumstances in which the misrepresenter ought to have known its falsity; 3) with an intent to induce another to act on it; and 4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

*Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 866 A.2d 270, 277 (2005). While Smith alleged that Lincoln misstated to her that she would receive the death benefits under the policy to induce her into inactivity or failure to pursue her claims, Smith's complaint failed to state how she detrimentally relied upon or was injured

6

by this alleged misrepresentation, specifically, how she failed to act to her detriment as a result of the communication.[3]

Finally, we agree with the District Court's conclusion that amendment of Smith's Complaint would be futile. Smith's claims are based on a life insurance policy that expired before the time of the policyholder's death, and Smith failed to demonstrate how an amended complaint would allege new facts or legal arguments to support recovery. *See Cowell v. Palmer Township*, 263 F.3d 286, 296 (3d Cir. 2001) ("[L]eave to amend need not be granted when amending the complaint would clearly be futile."). Accordingly, we will affirm the District Court's decision on the amended complaint.

**CONCLUSION**

For the foregoing reasons, we will affirm the District Court's dismissal of Smith's Complaint.

---

[3]Smith could not have reinstated the insurance policy because her husband had passed away and was therefore uninsurable at that time.